**In re William H. BENTLEY and Kara E. Bentley, Debtors.**

**No. 99–14560.**

United States Bankruptcy Court, D. Rhode Island.

July 10, 2000.

---

Peter Berman, Providence, RI, for debtors.

John Boyajian, Providence, RI, for trustee.

## ORDER DENYING CONFIRMATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Trustee's Objection to confirmation of the Debtors' Chapter 13 Plan, on the ground that the plan unfairly discriminates against unsecured creditors. The Debtors, who propose to pay creditors a total of $89,964 over five years, have

created three classes of creditors: (1) priority tax claims, (2) nondischargeable student loans, and (3) unsecured tax claims. Under this plan all claims will be paid in full, except unsecured tax claims, which will receive a 5% dividend. At issue is whether the separate classification of a nondischargeable student loan with a 100% dividend, unfairly discriminates against a class of unsecured creditors receiving only a 5% dividend. Section 1322(b)(1), reads in part:

> (b) Subject to subsections (a) and (c) of this section, the plan may—(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, *but may not discriminate unfairly* against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

11 U.S.C. § 1322(b)(1) (emphasis added). This Court recently addressed the issue of unfair discrimination in *In re Regine*, 234 B.R. 4 (Bankr.D.R.I.1999), and discovered some of the relevant considerations to be:

> (1) whether the discrimination has a reasonable basis;
> (2) whether the debtor can complete a plan without the discrimination;
> (3) whether the discrimination is proposed in good faith; and
> (4) whether the degree of discrimination is directly related to the rationale for the discrimination.

*Id.* at 6; *see also In re Whitelock*, 122 B.R. 582, 588 (Bankr.D.Utah 1990); *In re Bowles*, 48 B.R. 502 (Bankr.E.D.Va.1985). These four factors are not exclusive of all other considerations, however.

Neither should it come as a surprise to anyone when we say that:

> No single test or formula provides a satisfactory structure for all contexts ... [and that the] question, as Judge Ginsberg recognized in *In re Chapman*, boils down to whether the plan reflects a

reasonable balance in "the relative benefits allocated to the debtor and creditors from the proposed discrimination." 146 B.R. [411] at 419 [Bankr.N.D.Ill.1992]. Finally, any analysis of the relative benefits (and detriments) resulting from the proposed discrimination must be undertaken in light of the impact of the discrimination on Congress' chosen statutory definition of the legitimate interests and expectations of parties-in-interest to Chapter 13 proceedings.

*In re Colfer*, 159 B.R. 602, 607–08 (Bankr. D.Me.1993) (footnotes omitted). We also believe that the determination should be made based on the totality of circumstances, including balancing the relative benefits to the debtor and creditors from the proposed discrimination, *In re Regine*, 234 B.R. at 6–7, and that the Debtors have the burden to demonstrate by a preponderance of the evidence that their proposed classification of creditors does not discriminate unfairly. *Id.* at 7.

In this case it is clear and undisputed that the reason for the Debtors' separate classification and preferential treatment of the student loan creditor is because that debt is nondischargeable. Most courts considering this scenario have held that the nondischargeability of student loans is insufficient to justify a separate classification and different treatment from other unsecured creditors. *See In re Chandler*, 210 B.R. 898, 901 (Bankr.D.N.H. 1997).

At the confirmation hearing the Debtors urged the Court to adopt the result in *Leser v. Leser (In re Leser)*, 939 F.2d 669 (8th Cir.1991), in deciding this issue. In *Leser*, the Eighth Circuit Court of Appeals held that the creation of a separate class for a child support arrearage creditor, and paying that creditor in full while paying other unsecured creditors only 8% did not unfairly discriminate against general unsecured creditors. We do not disagree with the reasoning of *Leser*, but as we are not dealing with a child

support creditor, the case is not applicable to the facts here. Public policy normally favors discriminating in favor of child support claims because a child's needs generally exceed those of the unsecured creditor. *See In re Gonzalez,* 206 B.R. 239, 240–41 (Bankr.S.D.Fla.1997). The Debtors point to no authority, nor are we able to equate the rights of a child support creditor with those of a student loan creditor under this section of the Code.

The case of *In re Groves,* 39 F.3d 212 (8th Cir.1994), is much more on point, where the Debtors proposed to separately classify nondischargeable student loans and pay them one hundred percent, while offering unsecured creditors only forty percent. The Court held that the "[N]on-dischargeability of student loan claims, by itself, does not justify substantial discrimination against other, dischargeable unsecured claims in a Chapter 13 plan." *Id.* at 216. Similarly, Judge James Yacos in *Chandler* held, "to the extent that the debtors' proposed separate classification of their student loan debt from their other unsecured debts is put forward on the basis that the student loan debt is nondischargeable, that basis for differing treatment constitutes unfair discrimination within the meaning of section 1322(b)(1) of the Bankruptcy Code." *Id.* at 902–903.

■ We agree with these cases, and also hold that to separately classify and treat unsecured student loans differently from other unsecured creditors for the reason that the student loan debt is nondischargeable, constitutes unfair discrimination and violates the provisions and the spirit of 11 U.S.C. § 1322(b)(1).

Accordingly, confirmation is DENIED. Pursuant to R.I. LBR 3015-3 the Debtors have eleven days to file an amended plan.

Enter judgment consistent with this opinion.